IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES WILLIAM COLE,
     Plaintiff,

v.                                      Case No. 3:10cv288/MCR/MD

DAVID MORGAN, et al.,
     Defendants.
_____/

## O R D E R

Plaintiff Charles William Cole ("Plaintiff") has filed a complaint pursuant to 42 U.S.C. § 1983 and state law naming as Defendants Escambia County Sheriff David Morgan ("Morgan") and Escambia County Deputy Sheriff Kevin Clark Coxwell ("Coxwell") (together, "Defendants"), plus other as-yet unnamed Escambia County deputy sheriffs (Doc. 1).[1] Now before the court is "Defendants' Motion for Bifurcation of Discovery, for Separate Trials, for Abatement of Discovery and for a Protective Order as to Official Capacity Claims . . ." (Doc. 12). Plaintiff has responded in opposition (Doc. 13) and Defendants have replied by filing a Notice of Supplemental Authority (Doc. 15). For the reasons stated below, the court grants Defendants' motion.

In his complaint Plaintiff asserts three claims connected with his April 26, 2009, arrest involving the deployment of a police canine ("K-9"). Count I is a Fourth Amendment excessive use of force claim against Coxwell and the other deputies, and Count III is a state law claim against them for battery. Count II is an official capacity claim against

---

[1] Plaintiff names Morgan in his official capacity and Coxwell in both his official and individual capacities. Defendants state, incorrectly, that Plaintiff asserts only individual capacity liability as to Coxwell (Doc. 12 at 1). In addressing the instant motion, the court takes Defendants' references to the claims against Coxwell to mean the claims against him in his both his individual and official capacities.

Morgan alleging that Morgan knew of problems in the Escambia County Sheriff's Office involving the use of K-9s, including issues pertaining to supervision, training, and policy, yet failed to correct those problems.

Defendants now move, pursuant to Federal Rules of Civil Procedure 26 and 42(b), to bifurcate the discovery and trial of the claims against Coxwell from the official capacity claim against Morgan; they also ask the court to issue an appropriate protective order with regard to discovery on the official capacity claim.  According to Defendants, based on Plaintiff's initial requests the discovery related to the official capacity claim will be extensive as it involves analyzing "other uses of force and uses of K-9 dogs over at least a five year period of time . . ." (Doc. 12 at 2).  Defendants state that responding to Plaintiff's discovery requests has already proved burdensome, pointing to the hundreds of pages of reports produced which required Sheriff's Office employees to conduct an extensive records search, sometimes by hand.  Additionally, Defendants submit, each incident involving the use of force or the use of a K-9 will involve numerous persons and, possibly, levels of administrative review; if issues related to policy, supervision, and training with respect to each separate incident must also be addressed in discovery, significant additional time and expense inevitably will be required.  According to Defendants, bifurcation will avoid potential prejudice to Coxwell at trial; expedite the proceedings and be economical through a shortened discovery and trial period; and limit the time and expense needed for investigation and discovery with respect to issues that may not ultimately need to be tried.

Plaintiff opposes granting the motion in its entirety.  With regard to the discovery issues, Plaintiff argues that Defendants make only speculative and conclusory assertions regarding the nature of the discovery sought on the official capacity claim, and they fail to cite any of the reasons authorized in Rule 26(b) for issuance of a protective order. Moreover, Plaintiff asserts, at least some of the requested discovery could identify admissible evidence relevant to the individual capacity claims.  Also, the cases on which Defendants rely in support of their motion—none of which are from the Eleventh Circuit—involve agencies far larger than the Escambia County Sheriff's Office; Plaintiff thus submits that Defendants have not shown that his discovery requests are unduly

burdensome or expensive. With regard to trial severance, Plaintiff contends that any question about the potential of prejudice at trial could be cured through the use of appropriate jury instructions. Moreover, Plaintiff asserts, all of the claims in this case are based on the core allegation of the use of excessive force, making them rationally related to each other and thus properly tried together.

A county sheriff, such as Morgan in this case, may be subject in his official capacity to § 1983 liability with respect to claims that a custom, practice, or policy of the municipality he represents violates the constitution. *See* Hutton v. Strickland, 919 F.2d 1531,1542 (11th Cir. 1990); *see also* McMillian v. Monroe County, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (when the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents). There is no respondeat superior liability holding a municipality liable for the wrongful actions of its law enforcement officers; the municipality may only be held liable when municipal official policy causes a constitutional violation. *See* Monell v. Department of Social Services, 436 U.S. 658, 692, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). To impose § 1983 liability on a municipality, a plaintiff must show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). In establishing a claim of the failure to train or supervise, a plaintiff is held to a high standard in showing the connection between the training or supervision and the injury suffered. A plaintiff is required to "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Board of the County Commissioners of Bryan County, Ok., v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Moreover, "the identified deficiency in a city's training program must be closely related to the ultimate injury . . . [the plaintiff] must still prove that the deficiency in training actually caused [the plaintiff's injury]." City of Canton v. Harris, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). This high standard is necessary because "a lesser standard of fault would result in de facto respondeat superior liability on municipalities—a result [the

Supreme Court] rejected in <u>Monell</u>." *Id.* at 392. Indeed, the mere fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee permits no inference of municipal culpability and causation. *See* <u>McDowell</u>, 392 F.3d at 1289 (citation omitted).

Under the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). The information sought does not need to be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26 also provides, however, that discovery must be limited when, among other things, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order a separate trial of any claim or issue. In deciding whether to bifurcate a trial, a court should consider the convenience of bifurcation, judicial economy, and the risk of prejudice. *See* <u>Alexander v. Fulton County</u>, 207 F.3d 1303, 1324– 25 (11th Cir. 2000), *overruled on other grounds*, <u>Manders v. Lee</u>, 338 F.3d 1304 (11th Cir. 2003). The burden rests with the moving party to show that bifurcation is necessary, *see* 9A <u>Wright & Miller Federal Practice and Procedure</u>: Civil 3d § 2388 at 124–25 & n. 23 (collecting cases) (2008), with the decision to bifurcate committed to the court's sound discretion. <u>Harrington v. Cleburne County Bd. of Education</u>, 251 F.3d 935, 938 (11th Cir. 2001) (Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely 'in furtherance of convenience.' This is not a high standard. . . .").

A <u>Monell</u> claim may be a good candidate for bifurcation because if the individual government employee is found not to be liable, no subsequent trial of the municipality is necessary. *See* <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986) (per curiam). Also, bifurcation permits the court to isolate evidence regarding municipal policies and customs (for example, prior incidents of excessive force

Page 5 of 6

and the policymaker's response) which would be relevant to a <u>Monell</u> analysis but could be prejudicial to the individual employee.  *See* <u>Dawson v. Prince George's County</u>, 896 F. Supp. 537, 539 (D. Md. 1995).  Accordingly, courts may sever <u>Monell</u> claims against a municipality from claims against individual police officers, *see* <u>Wilson v. Morgan</u>, 477 F.3d 326, 339 (6th Cir. 2007); <u>Treece v. Hochstetler</u>, 213 F.3d 360, 364 (7th Cir. 2000); <u>Ojeda-Beltran v. Lucio</u>, 2008 WL 2782815 (N.D. Ill. 2008), and stay litigation of the <u>Monell</u> claims until the rest of the case has been resolved.  *See, e.g.,* <u>Cole v. Prince George's County</u>, 2010 WL 3169843 (D. Md. 2010); <u>Nash v. County of Will</u>, 2008 WL 4951245 (N.D. Ill. 2008).  *But see*, *e.g.,* <u>Terry v. Cook County Dept. of Corrections</u>, 2010 WL 2720754 (N.D. Ill. 2010) (denying motion to bifurcate and stay <u>Monell</u> discovery); <u>Miller v. City of Plymouth</u>, 2010 WL 1754028 (N.D. Ind. 2010) (denying motion to bifurcate discovery) .

In this case, the court concludes that conducting discovery into the <u>Monell</u> claim against Morgan likely will be a burdensome and expensive process for Escambia County, and one that will outweigh its probable benefit at this stage of the litigation, given that if a finding of no liability against Coxwell and the other deputies is made with respect to the individual capacity claims, there will be no need to conduct discovery with respect to the official capacity claim against Morgan.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  For the same reason, severance of Count II from the other two Counts also seems warranted at this time, as it would further the interest of convenience.  *See* Fed. R. Civ. P. 42(b).  Thus Count II of the complaint, Plaintiff's claim against Morgan, shall be severed for discovery and trial purposes from Counts I and III, and discovery as to Count II shall be stayed.

Accordingly, it is **ORDERED**:

1.      Defendants' "Motion for Bifurcation of Discovery, for Separate Trials, for Abatement of Discovery and for a Protective Order as to Official Capacity Claims . . ." (Doc. 12), is **GRANTED**.  Count II of the complaint, Plaintiff's official capacity claim against Morgan, is severed from Counts I and III for purposes of discovery and trial.

2.      Discovery as to Count II, Plaintiff's official capacity claim against Escambia County Sheriff David Morgan, is **STAYED.**

**DONE AND ORDERED** this 14th day of October 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**